## THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN                    AUSTIN 11, TEXAS
ATTORNEY GENERAL


Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                          Re:  Opinion No. 0-2395
                                        Whether or not a sheriff
                                        is entitled to any fees
                                        from the State in attach-
                                        ing a witness in a for-
                                        eign county.

        Your letter of recent date requests the opinion of this department
touching two matters which may be briefly stated as follows:

        (1)  What fees from the State is the sheriff of a county of
    less than 20,000 inhabitants entitled to in a felony case, pend-
    ing in his county, where the district judge fines a witness from
    a foreign county, who is under subpoena and not present, causes
    to be issued an attachment for him directed to the sheriff of the
    county in which the case is pending, and instructs the sheriff to
    go into the foreign county, attach the witness, and bring him be-
    fore the court; and with which the sheriff complies; and

        (2)  Where, under the same circumstances, the district judge
    does not fine the witness, but otherwise adopts the same proce-
    dure, with which the sheriff complies.

        Article 481 of the Code of Criminal Procedure reads as follows:

        "If a witness summoned from without the county refuse to
    obey a subpoena, he shall be fined by the court or magistrate
    not exceeding five hundred dollars, which fine and judgment shall
    be final, unless set aside after due notice to show cause why
    it should not be final, which notice may immediately issue, requiring
    the defaulting witness to appear at once or at the next term of said
    court, in the discretion of the judge, to answer for such default.
    The court may cause to be issued at the same time an attachment for
    said witness, directed to the proper county, commanding the officer
    to whom said writ is directed to take said witness into custody and
    have him before said court at the time named in said writ; in which
    case such witness shall receive no fees, unless it appears to the court
    that such disobedience is excusable, when the witness may receive the
    same pay as if he had not been attached.  Said fine when made final
    and all costs thereon shall be collected as in other criminal cases.'

Said fine and judgment may be set aside in vacation or at the same or any subsequent term of the court for good cause shown, after the witness testifies or has been discharged. The following words shall be written or printed on the face of such subpoena for out-county witnesses: "A disobedience of this subpoena is punishable by fine not exceeding five hundred dollars, to be collected as fines and costs in other criminal cases.'"

Article 1030 of the Code of Criminal Procedure provides in part, as follows:

"* * * The sheriff or constable shall receive the following fees when the charge is a felony: 7. for conveying a witness attached by him to any court, or grand jury, or in habeas corpus proceeding out of his county, or when directed by the judge from any other county, to the court where the case is pending, * * * said account shall also show, before said officer shall be entitled to compensation for expenses of attached witnesses, that, before starting with said witnesses to the foreign court, * * *."

These statutes provide for, and clearly comtemplate, that an attachment for a witness in a foreign county shall be directed to the sheriff, or other officer, of such foreign county. There is no statutory authority for the sheriff of the county in which the felony case is pending to go outside the boundaries of his county for this purpose.

"At common law, a sheriff has no jurisdiction beyond the borders of his county. The Constitution of this State provides for this officer, giving to the Legislature the right to prescribe his duties. We have searched the statutes carefully, but find no act giving jurisdiction to the sheriff to serve capias beyond the limits of his county; and hence the attempted arrest in this case was unlawful". JONES V. STATE, 26 Tex. App. 1, 9 S.W. 53, 8 Am. St. R. 454.

In construing Article 223 of the Code of Criminal Procedure, which authorizes any peace officer to execute a warrant of arrest in any county in this State, the Court of Criminal Appeals of Texas, in the case of HENSON V. STATE, 49 S.W. (2d) 463, declared:

"The opinion is expressed that the statutes quoted and those to which reference has been made evidence the intention of the Legislature to confine the jurisdiction of the sheriff to his county, except insofar as the authority to execute warrants of arrest in any county of the state is conferred by Article 223, C.C.P. * * * Article 223, C.C.P., authorizing the execution of a warrant of arrest by a sheriff under the conditions stated in the article in any county in the state, is not deemed to have the effect to extend generally the jurisdiction of a sheriff beyond the borders of his county. * * *"

There being no statute authorizing a sheriff to attach a witness outside the borders of his county, absent which he has no jurisdiction to do so, it necessarily follows that he is entitled to no fees from the State, notwithstanding he does actually bring a foreign witness before the court under an unauthorized attachment. The matter of whether or not the district judge fines the witness in such situation would have no significance.

Accordingly, you are respectfully advised that it is the opinion of this department that the sheriff would be entitled to no fees from the State under either of the fact situations described in your letter.

Trusting the above fully answers your inquiry, we remain

Very truly yours,

By /s/ Zollie C. Steakly
Zollie C. Steakly
Assistant

ZCS:BS-ds

APPROVED JUN 11, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY /s/B.W.B. CHAIRMAN